**IN THE UNITED STATES DISTICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00255-WJM-NRN

THE MORNINGSIDE VILLAGE CONDOMINIUM
OWNERS ASSOCIATION, INC.,

Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

Defendant.

**PLAINTIFF'S UNOPPOSED MOTION TO AMEND SCHEDULING ORDER**

Plaintiff, Morningside Village Condominium Owners Association, Inc., ("Plaintiff"), by and through their respective counsel, respectfully submits this Unopposed Motion to Amend Scheduling Order (ECF No. 61), and in support thereof, state as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1, counsel for the Parties have conferred. Defendant does not oppose the relief requested in this Motion.

**MOTION**

1. This matter stems from an insurance claim for hail damage to property owned by Plaintiff in Fort Collins, Colorado consisting of thirty-two buildings with clad and various combinations of wood siding and stone. Each building has a fiberglass shingled roof.

2. On November 11, 2020, Plaintiff filed this lawsuit seeking declaration that the Parties participate in an appraisal and for damages arising from AmGUARD's breach of contract,

statutory bad faith, and common law bad faith. The Parties subsequently reached an agreement to participate in an appraisal. On June 30, 2021, the Court entered a stay to allow completion of the appraisal. (ECF No. 37.) The appraisal panel reached an agreement on the amount of loss in July 2022 and the Parties requested that the case be reopened through their Joint Status Report of September 6, 2022. (ECF No. 54.)

1. On October 12, 2022, the Court entered a Scheduling Order setting forth case management deadlines for the procedure of this matter (ECF No. 61) as follows:

   a. Affirmative Expert Disclosures:   April 14, 2023
   b. Rebuttal Expert Disclosures:   May 19, 2023
   c. Discovery Cut-Off:   June 16, 2023
   d. Dispositive Motion Deadline:   July 21, 2023

2. Good cause exists to extend the Scheduling Order deadlines in this case. "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

3. The Parties respectfully have worked diligently to complete necessary discovery, including exchanging over 6,500 documents, serving written discovery and third-party Subpoenas.

4. The Parties have had significant difficulty in scheduling the depositions of several critical fact witnesses involved in the claim. Plaintiff has taken the deposition of Defendant's local third-party construction consultant. However, three out of state claim adjusters responsible for decisions on the claim are no longer employed by Defendant. Plaintiff has been attempting to coordinate these depositions which have been inherently difficult given their location and

departure from Defendant's employee. Plaintiff has scheduled the deposition of Defendant, pursuant to Federal Rule of Civil Procedure 30(b)(6), for May 16, 2023.

5. The testimony of the aforementioned deponents has a great importance to Plaintiff's experts in formulating their opinions and preparation of their expert reports. The deposition of Defendant's corporate representative is of particular importance given the difficulty in setting the deposition of the three out of state claim adjusters no longer employed by Defendant.

6. For these reasons, Plaintiff seeks an extension of the current deadlines as outlined below in paragraph a.-d., particularly the affirmative and rebuttal expert disclosure deadlines to allow its claims handling expert to consider and review 30b6 testimony prior to issuing his report. Plaintiff further seeks extension of the discovery cut-off deadline to allow additional time to secure the deposition of the three out of state claim adjusters no longer employed by Defendant.

    a.    Affirmative Expert Disclosures:    June 2, 2023
    b.    Rebuttal Expert Disclosures:    June 30, 2023
    c.    Discovery Cut-Off:    September 1, 2023
    d.    Dispositive Motion Deadline:    September 29, 2023

7. This is the first requested amendment to the Scheduling Order.

8. There is no trial date or pretrial conference date scheduled.

9. This Motion has not been for any improper purpose.

10. Granting this request will not prejudice any of the Parties, will not unduly delay these proceedings, and is in the interest of justice and fairness.

11. Pursuant to D.C.COLO.LCivR 6.1(c), the undersigned counsel certify that a copy of this Motion is being served upon his client.

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court enter an order granting this motion and establishing the deadlines stated in Paragraph 7 above. In the alternative, Plaintiff requests a status conference to address any reservations the Court may have regarding the relief requested in this Motion.

Dated: April 7, 2023                                                  Respectfully submitted,

*s/ Jonathan Bukoski*
Jonathan E. Bukowski
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone: (720) 665-9680
E-Mail: jbukowski@merlinlawgroup.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2023, a true and correct copy of the foregoing **PLAINTIFF'S UNOPPOSED MOTION TO AMEND SCHEDULING ORDER** was served upon all counsel of record via electronic mail:

- Steven C. Swanson
  sswanson@fgppr.com

- Matthew S. Ponzi
  mponzi@fgppr.com

*s/Agnieszka Karcz*
Agnieszka Karcz, Paralegal
