**IN THE UNITED STATES DISTICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00255-WJM-NRN

THE MORNINGSIDE VILLAGE CONDOMINIUM
OWNERS ASSOCIATION, INC.,

Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

Defendant.

---

**JOINT MOTION TO AMEND SCHEDULING ORDER**

---

Plaintiff, Morningside Village Condominium Owners Association, Inc. ("Plaintiff"), and Defendant, AmGUARD Insurance Company ("Defendant")(collectively the "Parties"), by and through their respective counsel, respectfully submits this Joint Motion to Amend Scheduling Order (ECF No. 69), and in support thereof, state as follows:

**MOTION**

1.      This matter stems from an insurance claim for hail damage to property owned by Plaintiff in Fort Collins, Colorado consisting of thirty-two buildings with clad and various combinations of wood siding and stone. Each building has a fiberglass shingled roof.

2.      On November 11, 2020, Plaintiff filed this lawsuit seeking declaration that the Parties participate in an appraisal and for damages arising from AmGUARD's breach of contract, statutory bad faith, and common law bad faith. The Parties subsequently reached an agreement to participate in an appraisal. On June 30, 2021, the Court entered a stay to allow completion of the

appraisal. (ECF No. 37.) The appraisal panel reached an agreement on the amount of loss in July 2022 and the Parties requested that the case be reopened through their Joint Status Report of September 6, 2022. (ECF No. 54.)

1.     On October 12, 2022, the Court entered a Scheduling Order setting forth case management deadlines for the procedure of this matter (ECF No. 61). An Order was entered on April 10, 2023 (ECF No. 69) which amended the discovery and dispositive motion deadlines of the Scheduling Order as follows:

|   |   |   |
|---|---|---|
| a. | Discovery Cut-Off: | September 1, 2023 |
| b. | Dispositive Motion Deadline: | September 29, 2023 |

2.     Good cause exists to extend the Scheduling Order deadlines in this case. "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

3.     The Parties respectfully have worked diligently to complete necessary discovery, including exchanging over 6,500 documents, serving written discovery and third-party Subpoenas.

4.      The Parties have had significant difficulty in scheduling the depositions of several critical fact witnesses involved in the claim. Plaintiff has taken the deposition of Defendant's local third-party construction consultant. However, three out of state claim adjusters responsible for decisions on the claim are no longer employed by Defendant. Defendant's attorneys have assisted in coordinating these depositions.

5.     The Parties are also working through other discovery disputes between themselves to avoid involvement of the Court.

6.      The discovery and dispositive motion deadlines in the companion case – *Townhomes at Morningside Village Owners Assoc., Inc. v. AmGUARD Ins*., Co., 21-cv-00256-DDD-SP, #48 – were extended to end on November 3 and November 10, 2023.

7.      The Parties had also coordinated the deposition of Defendant, pursuant to Federal Rule of Civil Procedure 30(b)(6), for August 16-17, 2023. However, this deposition had to be rescheduled due to a conflict. The Parties are working to reschedule Defendant's corporate representative deposition to occur simultaneously for both cases in September or October 2023.

8.      The Parties seek an extension of the discovery and dispositive motion deadline to allow for the taking of the deposition of Defendant's corporate representative to occur simultaneously in both cases and prior to the conclusion of discovery in this matter. In that regard, the Parties request the Court extend the discovery and dispositive motion deadlines as follows:

    a.      Discovery Cut-Off:                    November 3, 2023
    b.      Dispositive Motion Deadline:         November 10, 2023

9.      This is the second requested amendment to the discovery and dispositive motion deadlines of the Scheduling Order.

10.     There is no trial date or pretrial conference date scheduled.

11.     This Motion has not been for any improper purpose.

12.     Granting this request will not prejudice any of the Parties, will not unduly delay these proceedings, and is in the interest of justice and fairness.

13.     Pursuant to D.C.COLO.LCivR 6.1(c), the undersigned counsel certify that a copy of this Motion is being served upon their respective clients.

## **CONCLUSION**

For these reasons, the Parties respectfully request that the Court enter an order granting this

Motion and extending the discovery and dispositive motion deadlines until November 3, 2023 and

November 10, 2023, respectively.

Dated: August 15, 2023                         Respectfully submitted,

*s/ Brian E. Devilling*                              *s/ Jonathan Bukowski*
Brian E. Devilling, Esq.                         Jonathan E. Bukowski
Matthew S. Ponzi, Esq.                         Merlin Law Group, PA
Steven C. Swanson, Esq.                        1001 17th Street, Ste. 1150
Foran Glennon Palandech Ponzi & Rudloff PC     Denver, CO 80202
700 17th Street, Suite 1350                    Telephone: (720) 665-9680
Denver, CO 80202                               E-Mail: jbukowski@merlinlawgroup.com
Telephone: 720-336-2230                        *Attorney for Plaintiff*
E-Mail: bdevilling@fgppr.com
E-Mail: mponzi@fgppr.com
E-Mail: sswanson@fgppr.com
*Attorneys for Defendant,*
*AmGUARD Insurance Company*